Dear Commissioner Wooley:
You have requested this office to issue an advisory opinion regarding the Department of Insurance's authority over the Office of Group Benefits (OGB). More specifically, you ask whether the Commissioner of Insurance has regulatory authority over the OGB in matters of "prompt pay."
R.S. 42:801 et seq. governs the OGB. § 802(B)(1) gives the OGB the power:
 . . . To adopt and promulgate rules and regulations for the administration, operation, and management of programs and benefit plans offered through the Office of Group Benefits, which shall not be inconsistent with the provisions of this Chapter or other applicable laws.
In 1996, our office concluded that the Commissioner of Insurance has no jurisdiction or authority over the OGB (then called the State Employees Group Benefits Program). See La. Atty. Gen. Op. No. 96-55.
Part VI-D, Title 22 of the Revised Statutes contains what has become known as the "prompt pay" statutes. Officially entitled "Standards for Health Insurance Coverage," this part specifically contains two sections that establish "prompt pay" limits. See La.R.S. 22:250.32 and 22:250.33. Both of these sections state that "the provisions of this Part shall not apply to the OGB."
Your opinion request turns our attention to La.R.S. 22:230.4, which is entitled "Health coverage; participants in clinical trials." § 230.4(H) states the following:
 The Commissioner may promulgate necessary rules and regulations . . . to provide for submission of annual reports by health insurers describing clinical trials for which coverage was provided to insureds, subscribers, or enrollees.
While it is true that La.R.S. 22:3 reads that the Commissioner "may promulgate rules and regulations that he determines are necessary for the implementation of this Title," that power is restricted by § 230.4(H). The Commissioner is not given a broad power to have complete control over the "health insurance insurer," regardless of the fact that the OGB is included in that category. Also, the mere inclusion of the OGB within a category governed by the statute does not imply a general power over the OGB by the Department of Insurance. The only powers granted by the statute are those specifically mentioned.
Act 1357 of the 1999 Regular Legislative session enacted R.S.22:230.3 (which was later redesignated as 22:230.4). The resume digest of the Act states the new law "requires that all health insurance coverage issued by a health insurance insurer for delivery in this state provide coverage for `patient costs' incurred as a result of treatment provided in accordance with a clinical trial for cancer . . . ." SB 761 (Act No. 1357) Resume Digest. It further repeats the purpose of the statute, as in the text of La.R.S. 22:230.4.
It is too broad an argument to claim that the Act and the subsequent La.R.S. 22:230.4 give the Commissioner of Insurance a general power to regulate the OGB for issues concerning "prompt pay," especially when the language of the statute specifically gives the Commissioner of Insurance only a regulatory power to, "provide for the submission of annual reports by health insurers describing clinical trials for which coverage was provided . . ."
The most recent session of the legislature helps reaffirm our office's position that the Commissioner of Insurance does not have authority over the OGB unless specifically given that power by law. Act 1115 of the 2003 Regular Session placed a freeze on new health care coverage mandates that apply to health insurance issuers. Specifically included within the law was the OGB. See R.S. 22:230.5(c)(1). If the legislature wanted to include the OGB in the "prompt pay" statutes, it would have specifically noted that intention instead of expressly excluding them from the provisions.
Therefore, our office is still of the opinion that the Commissioner of Insurance does not have regulatory authority over the Office of Group Benefits unless it is specifically granted the power by statute.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please feel free to contact us.
Yours very truly,
CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
By:______________________
 CHARLES H. BRAUD, JR. Assistant Attorney General
CCF, Jr./CHB, Jr./gr